UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

THE CINCINNATI INSURANCE COMPANY,     )
                                       )
                                       )
                  Plaintiff,           )
                                       )
v.                                     )    Civil Action No. 1:22-cv-01807
                                       )
5400 COLLEGE AVE LLC,                  )
                                       )
                  Defendant.           )

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, The Cincinnati Insurance Company ("Cincinnati") for its Complaint for

Declaratory Judgment against Defendant, 5400 College Ave LLC ("5400 College"), states as

follows:

**JURISDICTION AND VENUE**

1.      This is a civil action for declaratory and other relief brought pursuant to the

provisions of 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure for the

determination of a controversy between Plaintiff Cincinnati and Defendant 5400 College,

arising out of insurance contracts.

2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§1332 because this action involves citizens of different states and the amount in controversy,

without interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000).

3.      Pursuant to 28 U.S.C. §1391(b), venue is proper in this district because this Court

has jurisdiction over Defendant 5400 College Ave, which is an Indiana LLC whose Member

resides in this District, and because 5400 College Ave LLC owns property located at 5380 N. College Avenue, Indianapolis ("the Site"), which is the subject of this dispute and which is located in this district.

## PARTIES

4.     Cincinnati is an Ohio corporation with its principal place of business in Fairfield, Ohio.

5.     Defendant 5400 College is an Indiana Limited Liability Company which was originally organized on February 24, 2015, was administratively dissolved on August 4, 2017, and was reinstated on May 1, 2020. The sole Member of 5400 College is John M. Bales, II, who is a resident of Marion County, Indiana, and citizen of the State of Indiana.

## The Cincinnati Policies

6.     Cincinnati issued to 5400 College an Insurance Policy number ECP 034 57 08 with policy effective dates of August 13, 2015 to August 13, 2018 (the "2015 Policy").  The 2015 Policy included the Site on the Schedule of Locations.  A true and accurate copy of the General Liability portion of the 2015 Policy is attached as Exhibit 1 to Complaint.

7.     Cincinnati issued to 5400 College an Insurance Policy number ECP 034 57 08 with policy effective dates of August 13, 2018 to March 10, 2021, when the policy was cancelled for non-payment of premium (the "2018 Policy").  The 2018 Policy included the Site on the Schedule of Locations. A true and accurate copy of the General Liability portion of the 2018 Policy is attached as Exhibit 2 to Complaint.[1]

---

[1] The 2015 Policy and 2018 Policy are jointly referred to herein as "the Cincinnati Policies."

8.      Coverage A of the General Liability Coverage Form of the Cincinnati Policies provides in pertinent part the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

**a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

**(1)**      The amount we will pay for damages is limited as described in **Section III – Limits of Insurance**; and

**(2)**      Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under **SECGION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY; SECTION I – COVERAGES, COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY;** or medical expenses under **SECTION I – COVERAGES, COVERAGE C. MEDICAL EXPENSES**.

No other obligation or liability to pay sums or perform acts or services is covered unless expressly provided for under **SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**.

**b.**      This insurance applies to "bodily injury" and "property damage" only if:

**(1)**      The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the "coverage term" in which the "bodily injury" or "property damage" occurs, you did not know, per Paragraph **1.d.** below, that the "bodily injury" or "property damage" had occurred or had begun to occur, in whole or in part.

**c.** "Bodily injury" or "property damage" which:
    **(1)** Occurs during the "coverage term"; and

**(2)** Was not, prior to the "coverage term", known by you, per Paragraph **1.d.** below, to have occurred;
includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the "coverage term" in which it first became known by you.

**d.** You will be deemed to know that "bodily injury" or "property damage" has occurred at the earliest time when any "authorized representative":

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage";

**(3)** First observes, or reasonably should have first observed, the "bodily injury" or "property damage";

**(4)** Becomes aware, or reasonably should have become aware, by any means other than as described in **(3)** above, that "bodily injury" or "property damage" had occurred or had begun to occur; or

**(5)** Becomes aware, or reasonably should have become aware, of a condition for which "bodily injury" or "property damage" is substantially certain to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

Insuring Agreement, Coverage A, Form GA 101 12/04, Exhibit 1, pages 21-22 and Exhibit 2, pages 22-23.

9.      Coverage A of the General Liability Coverage of the Cincinnati Policies includes the following exclusion:

**Indiana Amendatory Exclusion – Liability Arising From Statute or Regulation**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SCHEDULE**

**Description of Statute:**
Clean Air Act (CAA): 42 U.S.C. §7401 *et seq.*; Clean Water Act (CWA): 33 U.S.C. §1251 *et seq.*; Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA or Superfund): 42 U.S.C. §9601 *et seq.*; Emergency Planning and Community Right to Know Act of 1986 (EPCRA): 42 U.S.C. §11004 *et seq.*; Federal Insecticide, Fungicide and Rodenticide Act (FIFRA): 7 U.S.C. §136 *et seq.*; Marine Protection, Research and Sanctuaries Act of 1972 (MPRAS): 33 U.S.C. §1401-1445; 16 U.S.C. §1431-1445; Oil Pollution Act of 1990 (OPA): 33 U.S.C. §2701 *et seq.*; Resource Conservation and Recovery Act (RCRA): 42 U.S.C. §6901 *et seq.*; Rivers and Harbors Act of 1899: 33 U.S.C. §407 *et seq.*; Safe Drinking Water Act (SDWA): 42 U.S.C. §300f *et seq.*; Surface Mining Control and Reclamation Act of 1977 (SMCRA): 30 U.S.C. §1234-1328; Toxic Substances Control Act of 1976 (TSCA): 15 U.S.C. § 2601-2695; Pollution Prevention Act (PPA): 42 U.S.C. §13101 *et seq.*; Indiana code, Title 13. Environmental (including but not limited the following sections): Enforcement and Legal Actions: I.C. §13-30 *et seq.*; Environmental Legal Action Statute (ELA): I.C. §13-30-9 et seq.; Environmental Management; I.C. §13-13 *et seq.*; Air Pollution: I.C. §13-17 *et seq.*; Water Pollution: I.C. §13-18 *et seq.*; Solid Waste Management: I.C. §13-20 *et* seq.; Electronic Waste: I.C. §13-20.5 *et seq.*; Hazardous Waste Management: I.C. §13-22 *et seq.*; Underground Storage Tank: I.C. §13-23 *et seq.*; Petroleum: I.C. §13-24 *et seq.*; Hazard Substances: I.C. §13-25 *et seq.*; and Industrial Pollution: I.C. §13-27 *et seq*.

The following exclusion is added to Paragraph **2. Exclusions** of **SECTION I - COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**

This insurance does not apply to liability arising out of one or more of the statutes shown in the Schedule, as amended, or any regulation authorized by or implementing the statutes.

Form GA 3019 IN 02/14, Exhibit 1 at p. 56 and Exhibit 2, at p. 64.

10.     Coverage B of the General Liability Coverage Form of the Cincinnati Policies

provides in pertinent part the following:

**COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY**

1.     **Insuring Agreement**

   a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

   **(1)**   The amount we will pay for damages is limited as described in **SECTION III – LIMITS OF INSURANCE**; and

   **(2)**   Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under **SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY; SECTION I – COVERAGES, COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY;** or medical expenses under **SECTION I – COVERAGES, COVERAGE C. MEDICAL PAYMENTS.**

   No other obligation or liability to pay sums or perform acts or services is covered unless expressly provided for under **SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.**

   b.     This insurance applies to "personal and advertising injury" only if:

   **(1)**   The "personal and advertising injury" is caused by an offense arising out of your business; and

6

**(2)** The "personal and advertising injury" offense was committed in the "coverage territory" during the policy period; and

**(3)** Prior to the "coverage term" in which the "personal and advertising injury" offense is committed, you did not know, per Paragraph **1.d.** below, that the offense had been committed, in whole or in part.

**c.** "Personal and advertising injury" caused by an offense which:

**(1)** Was committed during the "coverage term"; and

**(2)** Was not, prior to the "coverage term", known by your, per Paragraph **1.d.** below, to have been committed;

includes any continuation, change or resumption of that offense after the end of the "coverage term" in which it first became known to you.

**d.** You will be deemed to know that a "personal and advertising injury" offense has been committed at the earliest time when any "authorized representative":

**(1)** Reports all, or any part, of the "personal and advertising injury" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "personal and advertising injury";

**(3)** First observes, or reasonably should have first observed, the offense that caused the "personal and advertising injury";

**(4)** Becomes aware, or reasonably should have become aware, by any means, other than as described in **(3)** above, that the offense had been committed or had begun to be committed; or

**(5)** Becomes aware, or reasonably should have become aware, of a condition from which "personal and advertising injury" is substantially certain to occur.

Insuring Agreement, Coverage B, Form GA 101 12/04, Exhibit 1, pages 27-28 and Exhibit 2, pages 28-29.

    11.    Coverages A and B of the General Liability Coverage of the Cincinnati Policies include the following exclusion:

**EXCLUSION – LEAD LIABILITY**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

The following exclusions are added to Paragraph **2. Exclusions** of **SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROEPRTY DAMAGE LIABILITY** and Paragraph **2. Exclusions** of **SECTION I – COVERAGES, COVERAGE B. PERSONAL AND ADVERTISING LIABILITY:**

This insurance does not apply to:

**1.**    "Bodily injury", "property damage" or "personal and advertising injury" arising out of, resulting from, or in any way caused by or contributing to the actual, alleged or threatened ingestion, inhalation, absorption of, exposure to or presence of lead in any form emanating from any source.

**2.**    Any loss, cost or expense arising out of, resulting from or in any way related to any:

    **a.**    Claim, suit, request, demand, directive, or order by or on behalf of any person, entity, or governmental authority that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, or in any way respond to, or assess the effects of lead in any form; or

    **b.**    Claim or suit by or on behalf of any person, entity, or governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of lead in any form.

Form GA 323 10/01, Exhibit 1 at p. 58 and Exhibit 2, at p. 66.

12.     The General Liability Coverage Forms of the Cincinnati Policies contain the following definitions:

**SECTION V – DEFINITIIONS**

**5.**     "Coverage term" means the following individual increment, or if a multi-year policy period, increments, of time, which comprise the policy period of this Coverage Part:

    **a.**     The year commencing on the Effective Date of this Coverage Part at 12:01 AM standard time at your mailing address shown in the Declarations, and if a multi-year policy period, each consecutive annual period thereafter, or portion thereof if any period is for a period of less than 12 months, constitute individual "coverage terms".  The last "coverage term" ends at 12:00 AM standard time at your mailing address shown in the Declarations on the earlier of:

        **(1)**     The day the policy period shown in the Declarations ends; or

        **(2)**     The day the policy to which this Coverage Part is attached is terminated or cancelled.

    **b.**     However, if after the issuance of this Coverage Part, any "coverage term" is extended for an additional period of less than 12 months, that additional period of time will be deemed to be part of the last preceding "coverage term".

**13.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**17.**     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.**  False arrest, detention or imprisonment:

    **b.**  Malicious prosecution;

    **c.**  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**    Oral or written publication, in any manner of material that violates a person's right of privacy;

    **f.**    The use of another's advertising idea in your "advertisement"; or

    **g.**    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**20.**    "Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

    For the purposes of this insurance, electronic data is not tangible property.

    As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

Form GA 101 12/04, Exhibit 1 at p. 36 - 40; Exhibit 2 at p. 37-41.

13.    Other provisions, definitions and exclusions of the Policy may also apply. As additional information is developed, Cincinnati may rely upon such other provisions in seeking a declaratory judgment.

**FACTUAL BACKGROUND**

14.    On July 7, 2015, 5400 College purchased a parcel of property located at 5380 N. College Avenue, Indianapolis, Indiana ("the Site").

15.     On June 29, 2021, Lougheed Engineering, Civil & Environmental Consultants, issued to John Bales, Member of 5400 College LLC, and to Rebecca Site and Charles Mack, Sipe Real Estate Properties, Inc., a report titled *Phase I & II Environmental Site Assessment* of the Site.  In the *Phase I & II Environmental Site Assessment*, Lougheed Engineering stated that a limited subsurface investigation performed on June 3, 2021 detected the chlorinated solvent perchloroethylene ("PCE") above the Indiana Department of Environmental Management ("IDEM") Remediation Closure Guide ("RCG") Groundwater Residential Tap Screening Levels, and recommended that the results be reported to IDEM.  Lougheed concluded that the PCE in the groundwater resulted from operations of a former dry cleaner on the property between 1935 and 1990.

16.     On June 13, 2022, 5400 College, by correspondence from its counsel, John Moriarty at Plews Shadley Racher & Braun, notified Cincinnati that PCE had been detected on the Site and that Lougheed had reported the PCE release to IDEM on May 20, 2022.

17.     On June 14, 2022, Cincinnati acknowledged receipt of the June 13, 2022 letter from Mr. Moriarty.

18.     On July 19, 2022, Cincinnati responded to Mr. Moriarty's June 13, 2022 letter with a Reservation of Rights letter, noting that no claim had yet been made by IDEM or any other party against 5400 College, reserving all of its rights under the Cincinnati Policies and requesting further information from 5400 College.

19.     On July 19, 2022, Mr. Moriarty responded to Cincinnati's July 19, 2022 Reservation of Rights letter stating that he would send to Cincinnati a copy of IDEM's notice of liability letter as soon as he received it.

20.     On July 20, 2022, Mr. Moriarty sent to Cincinnati a copy of IDEM's Notice of Liability and Information Request Letter dated July 14, 2022.  The IDEM letter was addressed to 5400 College Ave LLC, c/o John M. Bales II, Registered Agent, notifying 5400 College of "the potential environmental liability that 5400 COLLEGE AVE LLC may have incurred with regard to the property located at 5380 North College Avenue, Indianapolis, Indiana 46280 (Property), including all areas to which contamination has migrated (collectively referred to as the Site)." IDEM Notice of Liability and Information Request Letter dated July 14, 2022, attached as Exhibit 3.

21.     The IDEM Notice of Liability and Information Request Letter further stated:

The Indiana Department of Environmental Management (IDEM) has determined that a release or the threat of a release of hazardous substances has occurred at the Site. Based on information presently available to IDEM, IDEM has determined that the entities or individuals listed above are Potentially Responsible Persons (PRPs) as defined under Indiana Code (IC) 13-11-2-192. A Responsible Person is liable, pursuant to IC 13-25-4-8, IC 13-25-4-9, as well as Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 United States Code (U.S.C.) 9607(a), for the costs of response action incurred by IDEM with respect to this Site (including, but not limited to, past and future costs associated with IDEM's oversight of Site-related response action), and for undertaking response action with respect to this Site at the Responsible Person's own expense.

22.     On September 9, 2022, Cincinnati sent to 5400 College, through its counsel Mr. Moriarty, a coverage position letter based on the IDEM Special Notice of Liability Letter and Information Request Letter and known information (the "Coverage Position Letter").  For the reasons set forth in the Coverage Position Letter and as further set forth in this Complaint, the Cincinnati Policies do not provide a duty to defend or indemnify 5400 College for the IDEM Special Notice of Liability and Information Request Letter.

## DECLARATORY JUDGMENT

23.     An actual controversy exists between the parties and declaratory relief will help resolve the dispute.

24.     Because IDEM's Notice of Liability and Information Request Letter expressly alleges that 5400 College's liability is based on I.C. 13-25-4-8, I.C. 13-25-4-9, and 42 U.S.C. 9607(a) (CERCLA), and because endorsement form GA 3019IN (02/14) explicitly excludes from coverage liability arising from statutes, including specifically I.C. §13-25 *et seq*. and 42 U.S.C. §9601 *et seq*., there is no coverage for IDEM Special Notice of Liability and Information Request Letter under Coverage A of the Cincinnati Policies.

25.     Because the Cincinnati Policies issued to 5400 College do not cover or exclude coverage for the IDEM Special Notice of Liability and Information Request Letter, Cincinnati seeks a declaration that it has no duty to defend or indemnify 5400 College under Coverage A of the General Liability Coverage of the Cincinnati Policies for the underlying claim asserted in the IDEM Special Notice of Liability and Information Request Letter.

26.     There is no duty to defend or indemnify 5400 College under Coverage B of the General Liability Coverage of the Cincinnati Policies for the underlying claim asserted in the IDEM Special Notice of Liability and Information Request Letter because there was no offense, as defined in the Cincinnati Policies, that arose out of 5400 College's business or was committed during the respective coverage periods.  As 5400 College stated in its letter to Cincinnati, Lougheed concluded in its *Phase I & II Environmental Site Assessment Report* that impacts to soil and groundwater arose out of the prior business operations (1935 – 1990) of a former dry cleaner on the Site.

27.     There is no duty to defend or indemnify 5400 College under Coverage B of the General Liability Coverage of the Cincinnati Policies for the underlying claim asserted in the IDEM Special Notice of Liability and Information Request Letter, to the extent that there are any impacts to soil, groundwater or vapors on or under the Site because under Indiana law, Personal and Advertising Injury coverage does not apply to any impacts to property owned by the insured.

28.     There is no duty to defend or indemnify 5400 College under Coverage B of the General Liability Coverage of the Cincinnati Policies for the underlying claim asserted in the IDEM Special Notice of Liability and Information Request Letter for any alleged impacts to off-site property because any purported offense under subsection c of the definition of "personal and advertising injury" was not committed by or on behalf of the owner, landlord or lessor of that property.

29.     There is no duty to defend or indemnify 5400 College under Coverages A or B of the General Liability Coverage of the Cincinnati Policies to the extent that the IDEM Special Notice and Information Request Letter includes a request to undertake response action and reimburse IDEM for its costs arising out of lead found on, under or emanating from the Site because of the application of the Lead Liability Exclusion contained in the Cincinnati Policies.

30.     Because 5400 College seeks coverage for the underlying IDEM Special Notice of Liability and Information Request Letter, and Cincinnati denies a duty to defend and/or indemnify it, there exists an actual controversy of a justiciable nature between Cincinnati and 5400 College concerning the rights and obligations of the parties to the Cincinnati Policies.

31.     Cincinnati has complied with all terms, conditions and provisions of the Cincinnati Policies and specifically reserves any and all rights and defenses it has or may have under the Cincinnati Policies, including additional rights and defenses that may become apparent throughout the course of discovery in this case.

32.     By virtue of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist between the parties in connection to the aforementioned Cincinnati Policies.

WHEREFORE, Plaintiff, The Cincinnati Insurance Company, respectfully requests that the Court issue a judgment in its favor and against Defendant determining and declaring as follows:

1.     The Cincinnati Policies issued by Cincinnati to 5400 College do not provide coverage for the claim asserted by the IDEM in its Special Notice of Liability and Request for Information Letter.

2.     Cincinnati is not legally obligated to defend 5400 College against the IDEM Special Notice of Liability and Request for Information Letter.

3.     Cincinnati is not legally obligated to indemnify 5400 College against the IDEM Special Notice of Liability and Request for Information Letter.

4.     Cincinnati further prays for all other relief to which Cincinnati may be entitled.

Respectfully submitted,

*/s/ Katherine L. Shelby*
Katherine L. Shelby, Atty. No. 1592-49

*Counsel for Plaintiff, The Cincinnati Insurance Company*

Paganelli Law Group
10401 N. Meridian St., Suite 450
Indianapolis, IN. 46290
Phone: 317-550-1855
Fax:        317-569-6016
Email:      kshelby@paganelligroup.com